IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CYNTHIA LYNN CASTANEDA                                              PLAINTIFF

vs.                                    Civil No. 4:19-cv-04089

ANDREW SAUL                                                         DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Cynthia Lynn Castaneda, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed an application for DIB.  (Tr. 253-254).  In this application, Plaintiff alleges being disabled due to  bipolar disorder, depression, high blood pressure, sleep apnea, back problems, and bronchitis.  (Tr. 282).  Plaintiff alleges an onset date of June 16, 2017.  *Id.*   Her application was denied initially and again upon reconsideration.  (Tr. 35).

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff requested an administrative hearing on her denied application. (Tr. 195-196). This hearing request was granted and Plaintiff's administrative hearing was held on January 31, 2019. (Tr. 96-139). At this hearing, Plaintiff was present and was represented by, Jonathan Smelley. *Id.* Plaintiff, her daughter Sabrina Castaneda, and Vocational Expert ("VE") Phunda Yarbrough testified at the hearing. *Id.*

Following the hearing on April 16, 2019, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 35-45). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2021. (Tr. 37, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2017. (Tr. 38, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease; fracture of sternal end of clavicle, status post open reduction, internal fixation of left clavicle; polyarthritis; left carpal tunnel syndrome; asthma; obstructive sleep apnea; obesity; depression; dipolar disorder with panic attacks; post-traumatic stress disorder (PTSD); anxiety; and alcohol use disorder. (Tr. 38, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 38, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 40-44, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC perform light work, except could only occasionally climb ramps and stairs, but no ladders,

ropes, and scaffolds; occasionally kneel and crawl; could perform frequent reaching in front and laterally and occasional overhead reaching with her left upper extremity; could perform frequent handling and fingering with left upper extremity; no work at unprotected heights; avoid concentrated exposure to vibrations and fumes, odors, dusts, gases, and poor ventilation; could perform work requiring only two to three steps with short, simple, instructions, and capable of making simple work-related decisions and judgments; sustaining attention for up to two hours at a time without requiring redirection to task and any time off task could be accommodated by normal breaks; no work at production rate pace; few workplace changes; and occasional interaction with the public. *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 44, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id*. The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 44, Finding 10). The ALJ based her determination upon the testimony of the VE. *Id*. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as price marker with 463,578 such jobs in the nation, housekeeping with 250,887 such jobs in the nation, and cafeteria attendant 142,100 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 15, 2017, through the date of the decision. (Tr. 45, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (14-16). The Appeals Council denied this request for review. (Tr. 1-7). On August 13, 2019, Plaintiff filed

the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 13, 14.  This case is now ready for decision.

2.     **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to properly determine Plaintiff's RFC and (2) in failing to order a consultative examination.  ECF No. 13, Pgs. 3-20.  In response, Defendant argues the ALJ did not err in any of her findings.  ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).   As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.

Accordingly, the ALJ's decision is hereby affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE